# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA JACQUIS DUMAS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00296 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| BRECKON, WARDEN, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Joshua Jacquis Dumas, Pro Se Petitioner.*

The petitioner, Joshua Jacquis Dumas, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dumas challenges his conviction and sentence for engaging in a child exploitation enterprise ("CEE"). After review of the record, I will summarily dismiss the Petition.

Court records online for the United States District Court for the Eastern District of Virginia indicate that on March 18, 2013, after waiving indictment, Dumas pleaded guilty to an Information pursuant to a written Plea Agreement charging him with engaging in a CEE in violation of 18 U.S.C. §§ 1591(a) and 2252A(g). *United States v. Dumas*, 1:13-cr-00094-LMB-1 (E.D. Va.) Although the United States sought a life sentence, the court sentenced Dumas to a term of

239 months in prison. His appeal was dismissed because of the appeal waiver included in his Plea Agreement.

In December 2014, Dumas filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He argued that his defense attorney had provided ineffective assistance by coercing him into accepting the government's plea bargain and pleading guilty. The district court found no merit to his claims and dismissed his § 2255 motion by Order dated November 2, 2015. Dumas did not appeal.

In his § 2241 petition here, Dumas asserts that because some others who were criminally charged with involvement in the CEE were acquitted or sentenced for lesser crimes, Dumas' CEE conviction and sentence are unlawful. As relief, he seeks to be resentenced.

As an initial matter, Dumas properly filed his § 2241 petition in this court. "A habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Dumas is currently confined at the United States Penitentiary Lee County, located within this District. Dumas' claims, however, are not cognizable under § 2241.

A district court may not entertain a § 2241 petition challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's]

detention." 28 U.S.C. § 2255(e) ("the savings clause"); *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The United States Court of Appeals for the Fourth Circuit has concluded that

> [section] 2255 is inadequate and ineffective to test the legality of a *conviction* when: ( (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34 (emphasis added). The Fourth Circuit has also recently concluded that

> [section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Dumas fails to show that § 2255 is inadequate to test the legality of either his conviction or his sentence. He does not point to any change in the law after his

§ 2255 motion that decriminalized his admitted offense conduct. He also fails to show that his sentence involves any grave error in light of any particular retroactive changes in the law after his § 2255 motion.

For the stated reasons, I conclude that the § 2241 petition must be summarily dismissed for lack of jurisdiction. *Id.* at 425-26 (holding that savings clause requirements are jurisdictional).

A separate Final Order will be entered herewith.

DATED: July 11, 2018

/s/ James P. Jones
United States District Judge